# NOURSE & BOWLES, LLP

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200

Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

**Nourse & Bowles, LLP**
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile:  (203) 869-4535

**Nourse & Bowles**
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile:  (973) 258-1480

June 7, 2010

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Thomas Wolf v. James Miller Marine
       Service, Inc., et al.
       08 CV 03636 (KAM – RER)
       08 CV 04799 (KAM – RER)

Dear Judge Reyes,

  We are attorneys for Defendants Godzilla Ocean Ltd. and First Marine Service Co. in the captioned matters; and we write in preparation for the telephone conference scheduled at 1:00 p.m. tomorrow, June 8, 2010.

  The issues in dispute concern the use at trial of the transcripts of both discovery depositions and de bene esse depositions of foreign seamen employees of defendants, which employees probably will not be available at the time of trial in the matter.

  On Friday, June 4, 2010, pursuant to notice and agreement among the attorneys I arranged for the discovery deposition of a foreign seaman, Mr. Defin Tejon, formerly an able-bodied seaman on the M/V SPRING HAWK and a witness to the accident which is the subject of this litigation.

  Prior to the deposition, I notified the attorneys for Mr. Wolf and the Miller companies that following their discovery deposition of Mr. Tejon, I would proceed to take Mr. Tejon's testimony de bene esse for use at trial.  At the times in

question, Mr. Tejon was on board another ship at sea heading toward Brazil and his deposition was to be and was taken by telephone.

After the completion of the discovery deposition on Friday, June 4, 2010 and before the commencement of my de bene esse deposition of Mr. Tejon, counsel for Mr. Wolf and the Miller companies asked for a stipulation that Mr. Tejon's discovery deposition could be used for all purposes at trial, citing FRCP 32(a).

I refused to agree to that stipulation noting that under established maritime procedures, a de bene esse deposition was the equivalent of producing Mr. Tejon at trial and, accordingly, counsel for Mr. Wolf and the Miller companies would have the opportunity to cross examine Mr. Tejon, and that I would object to the introduction in evidence at trial of Mr. Tejon's discovery deposition transcript along with the transcript of his de bene esse deposition. My de bene esse deposition was then delayed pending Your Honor's ruling.

As to the use of de bene esse depositions as a maritime procedure, I refer Your Honor to the 1966 and 1970 amendments to FRCP 26 and to the 1970 Amendment to FRCP 32. While the term "de bene esse" depositions is no longer in general use, the same procedures now apply to all depositions taken for use at trial. Please refer to the Second Circuit's decision in <u>Manly v. Ambase Corporation</u>, 337 F.3d, 237, 247-48 (2d Cir. 2003) and to <u>Lucas v. PACTIV Corp.</u>, 2009 U.S. Dist. LEXIS, 120157 pages 2 and 3 (W.D. Va. 2009).

As a de bene esse deposition is the equivalent of a witness appearing at trial, an opposing party may not offer a discovery deposition transcript in evidence at trial. Rather, during the de bene esse deposition, the parties must proceed as if the witness were being examined at trial. Such witness, of course, may be impeached by inconsistent testimony given in a discovery deposition, but there is no basis upon which a discovery deposition transcript or parts thereof may be offered at trial as evidence along with the transcript of the witness' de bene esse deposition transcript.

In the circumstances, I respectfully ask that Your Honor reject the inaccurate arguments raised by counsel for Mr. Wolf and the Miller companies and I respectfully ask that Your Honor order, as in <u>Manley,</u> that the de bene esse depositions of seamen from the SPRING HAWK are the equivalent of their appearing at trial and that the parties conduct themselves at the de bene esse depositions as if they were at trial, i.e., that the witness may be cross examined and that the discovery deposition may be utilized for impeachment purposes, but that the transcript itself may not be introduced as evidence at trial.

As to timing, I refer the Court to <u>Nagle v. U.S. Lines, Inc.</u>, 1965 A.M.C. 2153, 2157 (S.D.N.Y. 1965) (if there is an opportunity to take a discovery deposition in advance of a de bene esse deposition, the two should be taken on the same day). Accordingly, I also ask that the discovery and de bene esse depositions of additional seamen witnesses be ordered taken the same day to save witness time and party expense.

Mr. Tejon's de bene esse deposition should be ordered completed promptly.

I also ask that Your Honor make clear that the above approaches will be followed in connection with the depositions of other former seamen employees from the SPRING HAWK.

Thank you for your consideration.

                                                                             Respectfully submitted,

                                                                             Lawrence J. Bowles
                                                                            Attorneys for Defendants
                                                                            Godzilla Ocean Ltd. and
                                                                            First Marine Service Co., Ltd.

LJB/jtc

cc:   Andrew V. Buchsbaum, Esq.                abuchsbaum@friedmanjames.com
        James E. Mercante, Esq.                      jmercante@rubinfiorella.com