# NOURSE & BOWLES, LLP

One Exchange Plaza
at 55 Broadway
New York, NY 10006-3030
Telephone: (212) 952-6200

Facsimile: (212) 952-0345
E-Mail: reception@nb-ny.com
Web site: www.nb-ny.com

Nourse & Bowles, LLP
115 Mason Street
Greenwich, CT 06830-6630
Telephone: (203) 869-7887
Facsimile: (203) 869-4535

Nourse & Bowles
75 Main Street, Suite 205
Millburn, NJ 07041-1322
Telephone: (973) 258-9811
Facsimile: (973) 258-1480

Writer's Direct Dial Telephone Number
(212) 952-6213

October 22, 2010

Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   Thomas Wolf v. James Miller Marine
             Service, Inc., et al.
             08 CV 03636 (KAM – RER)
             08 CV 04799 (KAM – RER)
             SHIP DEFENDANTS' NOTICE OF INTENTION
             TO FILE DISPOSITIVE AND OTHER MOTIONS

Dear Judge Reyes,

    We are counsel to defendants Godzilla Ocean and First Marine Services, the former owner and operator of the M/V SPRING HAWK (the "Ship Defendants") and, pursuant to paragraph 2 of the Further Revised Scheduling Order entered on September 9, 2010 (D55), we hereby submit notice that the Ship Defendants intend to file the following dispositive and other motions:

1. A motion for summary judgment dismissing the Miller companies' petition/ defense that they are entitled to limitation of liability as to plaintiff, Wolf, and the Ship Defendants.

2. A motion for summary judgment dismissing Mr. Wolf's complaint and the Miller companies' crossclaim against the Ship Defendants on the grounds that Mr. Wolf and the Miller companies cannot prove either that the Ship Defendants caused or contributed to Mr. Wolf's injuries or that the Ship Defendants have any liability to Mr. Wolf or the Miller companies.

3. In support of motion No. 2 above, the Ship Defendants will file motions to preclude:

a. the reports and proposed testimony of the alleged experts retained by Mr. Wolf (Mr. Ahlstrom) and the Miller companies (Mr. Bates) as their reports and proposed testimony violate the standards of Federal Rule of Evidence 702 and the case law interpreting that Rule, in that their reports and proposed testimony constitute mere speculation, at best, which is <u>not</u> admissible in evidence at trial.

b. the opinion testimony of a lay witness, a seaman on the SPRING HAWK, Mr. Tejon, on the issue of whether raising the SPRING HAWK's accommodation ladder caused or contributed to the accident as his testimony violates FRE 701, and it is questionable whether this lay witness, who was testifying through an interpreter understood hypothical questions put to him by Miller's and/or Wolf's attorneys.

c. all opinion testimony regarding what allegedly might have occurred if the SPRING HAWK's accommodation ladder had not been raised, because, <u>after</u> the

accident, the Miller companies made the effort to photograph the SPRING HAWK's accommodation ladder, but, surprisingly, Miller admittedly <u>did</u> <u>not</u> either photograph the damage sustained by the launch NICHOLAS MILLER in the accident or invite either Mr. Wolf or the Ship Defendants to inspect and photograph the damage sustained by the launch NICHOLAS MILLER before the Miller companies caused the damage to the launch to be fully repaired and repainted.  In this regard the Miller companies violated two standard procedures after marine and other accidents - failing to give opposing parties the opportunity to inspect and photograph the alleged damage to the launch and failing itself to photograph that damage.  In the process of repairing and repainting the launch, the Miller companies then destroyed/spoliated critical evidence of the points of contact between the launch NICHOLAS MILLER and the SPRING HAWK's accommodation ladder.  All of the parties' experts, either agreed or could not rule out the fact that the evidence of the contacts between the front and left sides of the launch and the ship's accommodation ladder would assist them in determining the height of the SPRING HAWK's ladder above the NICHOLAS MILLER's main deck at the points of contact and assist in responding to the point very belatedly asserted by Wolf and the Miller companies (first asserted more than a year after the accident) that raising the ship's accommodation ladder caused or contributed to Mr. Wolf's injuries, the sole claim asserted against the Ship Defendants.

    4.    In addition, the Ship Defendants will move for a ruling that, based upon uncontradicted evidence, Mr. Wolf was not injured by anything those on the SPRING HAWK did or did not do, in that Mr. Wolf was <u>not</u> injured when the NICHOLAS

3

MILLER negligently swung left and collided with and hooked the SPRING HAWK's accommodation ladder whether or not the ladder was being raised when the launch collided with it. Rather, Mr. Wolf was injured solely because, <u>after</u> the NICHOLAS MILLER negligently turned and collided with the ship's accommodation ladder, the new operator in training, Mr. Larkin, who was on his first day on the job, and who had not been sufficiently trained by the Miller companies, then admittedly "panicked" and inexplicably placed the engine control of the launch NICHOLAS MILLER into reverse. This unexpected further improper action by Mr. Larkin caused the launch to back away from the side of the NICHOLAS MILLER dragging the accommodation ladder, on which Mr. Wolf was standing, with it. When the ladder released, it then slammed violently into the side of the SPRING HAWK at which time Mr. Wolf fell and was injured. This improper "panicked" action of Mr. Larkin in unexpectedly reversing the launch's engine was an independent, supervening act of negligence and incompetence on Mr. Larkin's part and, accordingly, the Miller companies should be held solely liable for all of Mr. Wolf's alleged damages.

5. Further, and based upon the uncontradicted facts which will be demonstrated in the above motions, the Ship Defendants will move for sanctions against both plaintiff Wolf and the Miller companies on the grounds that their claims against the Ship Defendants always were and are baseless and thus frivolous as Mr. Wolf and the Miller companies knew or would have known if they had properly investigated the matter before belatedly and improperly dragging the Ship Defendants into this action.

4

We look forward to the final pre-trial conference on November 10th and scheduling dates for submission of the above motions.

Thank you for your consideration.

                                              Respectfully submitted,

                                              Lawrence J. Bowles

LJB/jtc
cc:    James E. Mercante, Esq.          jmercante@rubinfiorella.com
       Richard Gonzalez, Esq.            rgonzalez@rubinfiorella.com
       Andrew V. Buchsbaum, Esq.     abuchsbaum@friedmanjames.com